1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | | |
|---|---|---|
| 11 | **RHONDA BUCHANAN,** ) | **Case No. CV 05-6146 AJW** |
| 12 | **Plaintiff,** ) | |
| 13 | **v.** ) | |
| 14 | **MICHAEL J. ASTRUE,** ) **COMMISSIONER OF SOCIAL** ) | **ORDER GRANTING  PETITION FOR ATTORNEY'S FEES** |
| 15 | **SECURITY ADMINISTRATION,** ) | 42 U.S.C. § 406(b) |
| 16 | **Defendant.** ) | |

17
18
19
20
21
22
23
24

Plaintiff's counsel Brian C. Shapiro ("petitioner") has filed a petition for attorney's fees under 42 U.S.C. § 406(b) (the "Petition") in the total amount of $23,000, with a credit of $7,638.27 for fees previously paid to petitioner under the Equal Access to Justice Act ("EAJA"). Defendant filed a response to the petition discussing the principles for determining a "reasonable" fee, but because he is not a party to the fee agreement between plaintiff and petitioner, he has not taken a formal position assenting to or opposing the fee petition.  Instead, defendant has analyzed petitioner's fee request and has identified factors that may be relevant in assessing petitioner's fee request.

### Proceedings

25
26
27
28

Plaintiff initially filed an application for benefits on September 17, 2001 alleging that she had been disabled since March 17, 1999 due to musculoskeletal impairments and diabetes mellitus. [Administrative Record ("AR") 25].  The Administrative Law Judge (the "ALJ") denied her application on February 19,

2003 [AR 25] and the Appeals Council denied review. [AR 4-6]. Plaintiff then sought judicial review of the ALJ's February 2003 decision. [See Rhonda Buchanan v. Jo Anne B. Barnhart, CV-00978 AJW ("Buchanan I")]. On September 29, 2004, this court held that the ALJ committed reversible legal error and remanded the case for further administrative proceedings "for the purpose of determining the duration of plaintiff's disability and a corresponding award of benefits." [AR 362].

On remand, the Appeals Council issued an order vacating the ALJ's February 2003 decision and remanded the case to the same ALJ "for further proceedings consistent with the order of the court." [AR 366]. However, in the ALJ's written decision dated June 7, 2005, he did not determine "the duration of plaintiff's disability" as instructed by the court, and he again denied benefits. Plaintiff again sought judicial review by filing this action. On January 4, 2007, judgment was entered reversing and remanding this case for an award of benefits.

On remand, plaintiff was awarded social security disability insurance benefits, including a past-due benefits award in the amount of approximately $95,000. [Petition 3, 21 & Ex. 2]. Plaintiff's counsel has been awarded the stipulated sum of $7,638.27 in total for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 24 U.S.C. § 2412(d)[1] in Buchanan I and This case .

**Discussion**

Section 406(b) provides, in part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

---

[1]  In general, where attorney's fees are awarded under both the EAJA and section 406(b), the attorney must refund the smaller of the two awards to the claimant. See Gisbrecht v. Barnhart, 535 U.S.789, 796 (2002) (noting that "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits" by requiring the claimant's attorney to refund to the claimant the amount of the smaller fee up to the point where the claimant receives 100% of the past-due benefits).

42 U.S.C. § 406(b)(1)(A).  Thus, "a prevailing [disability] claimant's [attorney's] fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits."  <u>Gisbrecht</u> <u>v. Barnhart</u>, 535 U.S. 789, 792 (2002).  In <u>Gisbrecht</u>, the Supreme Court explained that where the plaintiff has entered into a contingent fee agreement with counsel, section 406(b) is meant "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." <u>Gisbrecht</u>, 535 U.S. at 793.  The Supreme Court held that where the claimant and counsel had entered into a lawful contingent fee agreement, courts that used the "lodestar" method as the starting point to determine the reasonableness of fees requested under section 406(b) improperly "reject[ed] the primacy of lawful attorney-client fee agreements."  <u>Gisbrecht</u>, 535 U.S. at 793.

While courts review fee agreements as an "independent check, to assure that they yield reasonable results in particular cases," lawful contingent-fee agreements are "*the primary means by which fees are set*" for the successful representation of social security disability claimants in court.  <u>Gisbrecht</u>, 535 U.S. at 807 (emphasis added). <u>Gisbrecht</u> provided some examples of instances in which a downward adjustment of the agreed contingent fee might be in order.  <u>Gisbrecht</u>, 535 U.S. at 807-808.  The Supreme Court left to the district courts, however, the task of how best to determine whether enforcement of a contingent fee agreement is reasonable in a particular case.  <u>See</u> <u>Gisbrecht</u>, 535 U.S. at 808 ("Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review."); <u>see</u> <u>Crawford v. Astrue</u>, 545 F.3d 854, 862 (9th Cir. 2008)("The methodology by which a district [court] makes such reasonableness determinations is for that court to select in the exercise of its sound discretion.").


Plaintiff retained petitioner to represent her both in this action for judicial review of defendant's decision denying his application for disability benefits and <u>Buchanan I</u>.  Plaintiff agreed to pay petitioner "25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the court." [Petition 21 & Ex. 1].  Under <u>Gisbrecht</u>, the court examines plaintiff's contingent fee agreement with petitioner only to assure that the enforcement of that agreement is reasonable.  <u>See</u> <u>Thomas v. Barnhart</u>, 412 F.Supp.2d 1240, 1244 (M.D. Ala. 2005) (observing that "the hurdle <u>Gisbrecht</u> erects for the claimant's

attorney is rather low, and a change to the [fee] agreement is warranted at least, and perhaps at most, when justice requires"). The court may consider factors such as the character of the representation, the results achieved, the ratio between the amount of any benefits award and the time expended, any undue delay attributable to counsel that caused an accumulation of back benefits, and whether the requested fee award would constitute a "windfall" to the attorney. See Gisbrecht, 535 U.S. at 808; see also Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (awarding section 406(b) fees post-Gisbrecht where (1) counsel sought less than the maximum 25% contingent fee allowed by law; (2) counsel "faced a substantial risk of loss" because the plaintiff alleged a variety of impairments that "were not susceptible to clear and straightforward forms of proof, and some of which involved lengthy and complicated medical histories"; (3) "Congress has indicated the permissibility, within limits, of rewarding attorneys for assuming the risk of going uncompensated for representing Social Security claimants"; (4)  the value of the benefits award to the plaintiff was "substantially more than the past-due benefits on which the fee is based" because the plaintiff also received ongoing disability benefits; (5) counsel devoted "considerable time and careful attention" to the case; and (6) "[p]etitioner's challenge to the ALJ's determination at step five was central to the court's decision to remand the case to the Commissioner") (citations omitted).

In this case, several relevant factors weigh in favor of granting petitioner's fee request.  First, petitioner obtained favorable outcomes for plaintiff in two actions for judicial review, first by securing a remand for further proceedings, and second by obtaining a remand for an award of benefits, resulting in a very sizeable award of past-due benefits as well as ongoing disability insurance benefits. [Petition 21 & Ex. 2].

Second, petitioner's requested section 406(b) fee of $23,000 is slightly below the maximum 25% contingent fee authorized by law and by petitioner's contingent fee agreement with plaintiff.  [See Petition 21 & Exs. 1 & 2].

Third, this case carried with it the risk of loss inherent in social security disability contingent-fee cases.  See Faircloth v. Barnhart, 398 F.Supp.2d 1169, 1173-74 (D.N.M. 2005)(noting that "a report from the Social Security Advisory Board reveals that a mere 35% of claimants who file at the United States District Court level will obtain benefits," and that Congress enacted section 406(b) to curtail "abusive

practices of a few attorneys who charged successful claimants anywhere from one-third to one-half of the accrued benefits awarded," but "Congress also sought 'to ensure that attorneys representing successful claimants would not risk nonpayment of appropriate fees'")(quoting Gisbrecht, 535 U.S. at 804-805).

Fourth, there is no evidence in the record before the court, nor any suggestion by defendant, that petitioner unduly delayed the resolution of this case or engaged in any overreaching. To the contrary, plaintiff's receipt of benefits was delayed (and her award of past-due benefits correspondingly enlarged) because the ALJ did not comply with the terms of the remand order in Buchanan I..

Fifth, petitioner spent 43.6 hours of attorney's time and 8 hours of paralegal time litigating this case in district court in Buchanan I and in this case. [See Petition 3, 21 & Ex. 3]. That figure that is within the norm for social security disability cases. See Patterson v. Apfel, 99 F. Supp.2d 1212, 1214 & n.2 (C.D. Cal. 2000) (collecting cases). Defendant contends that petitioner's contingent fee request would amount to an average de facto hourly rate of $1,040.72 for attorney services. However, defendant excludes from that calculation the 21 hours petitioner expended representing plaintiff in Buchanan I. Defendant contends that fees accrued during Buchanan I "did not result in an award of benefits" because Buchanan I only "led to another administrative finding of non-disability." [Response 5]. Defendant argues that petitioner therefore is not entitled to recover fees accrued during Buchanan I under section 406(b) and is not required to reimburse plaintiff for EAJA fees awarded for Buchanan I.

Those contentions are not persuasive. As a general matter, section 406(b) allows the recovery of attorney's fees "[w]henever a court renders a judgment favorable to a claimant." 42 U.S.C. 406(b)(1)(A). A sentence four remand is a judgment favorable to the claimant. See Shalala v. Schaefer, 509 U.S. 292, 300-301 (1993). In Garcia v. Astrue, 500 F.Supp.2d 1239, 1243 (C. D. Cal. 2007), the district court held that the plaintiff's counsel was entitled to recover section 406(b) fees for work performed during a prior action for judicial review. In the prior action ("Garcia I"), the district court reversed the Commissioner's denial of benefits and remanded for further administrative proceedings, resulting in a second denial of benefits and a second action for judicial review ("Garcia II"). In Garcia II, the district court remanded the case a second time for further administrative proceedings, and benefits were awarded on remand. Garcia, 500 F.Supp. at 1241-1242. The Commissioner argued that although the plaintiff ultimately was successful

1  in obtaining disability benefits, his counsel was not entitled to section 406(b) fees for work performed in

2  Garcia I "because that action did not lead to an award of benefits, but resulted only in continued

3  administrative and judicial proceedings[.]" Garcia, 500 F.Supp.2d at 1242 (alteration and ellipsis omitted).

4

5       The district court disagreed.  It observed that "it is not required, as a predicate to a § 406(b)(1) fee

6  award, that the district court remand for an award of benefits.  Of course, a predicate to a § 406(b)(1) fee

7  award is that the claimant eventually be awarded past-due benefits, whether at the agency level or during

8  further judicial proceedings." Garcia, 500 F.Supp.2d at 1243 (quoting McGraw v. Barnhart, 450 F.3d 493,

9  503 (10th Cir. 2006)).  Further, "[a]lthough the Ninth Circuit has not directly addressed this issue, it has

10  'generally assumed without addressing the issue that fees are available under § 406(b) because past-due

11  benefits have been conspicuously awarded without objection by the SSA.'" Garcia, 500 F.Supp.2d at 1243

12  (quoting Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277 (11th Cir. 2006)(citing, e.g., Straw v. Bowen,

13  866 F.2d 1167, 1168-1169 (9th Cir.1989))).

14       The district court also observed in Garcia that "all other circuits to consider the issue . . . have found

15  that Section 406(b) authorizes a district court to award attorney's fees when the district court remands the

16  case to the [Commissioner] for further proceedings and, following the remand, the claimant is subsequently

17  awarded past-due benefits." Garcia, 500 F.Supp.2d at 1243; see Bergen, 454 F.3d at 1277 (stating that

18  "[l]imiting § 406(b) fees to cases in which the Court itself awards past-due benefits would also discourage

19  counsel from requesting a remand in cases where it is appropriate").  Reasoning that the remand in Garcia

20  I "ultimately led to the award of past-due benefits following further judicial and administrative

21  proceedings," the district court awarded section 406(b) fees for work performed in both Garcia I and Garcia

22  II.  Garcia, 500 F.Supp. at 1244; see Kopulos v. Barnhart, 318 F.Supp.2d 657, 659-660, 668-669 (N. D. Ill.

23  2004) (awarding fees under section 406(b) for work on a prior action for judicial review that led to a remand

24  for further proceedings where past-due benefits ultimately were awarded for the same claim following a

25  second action for judicial review).  Similarly, petitioner's representation of plaintiff in Buchanan I laid the

26  groundwork for her subsequent recovery in this case, and therefore the hours petitioner expended in

27  Buchanan I should not be disregarded in assessing the value of his services.

28

1    Additionally, contrary to defendant's suggestion, petitioner is obligated to reimburse plaintiff for

2    the total amount of EAJA fees granted in both Buchanan I and this case. [See Defendant's Response 5-6].

3    EAJA awards are for the benefit of the claimant, to allow her to potentially recover "100 percent of the past-

4    due benefits." Gisbrecht, 535 U.S. at 796; see Kopulos, 318 F.Supp.2d at 664 (noting that Congress enacted

5    the EAJA "to deter the Government from substantially unjustified litigation, to encourage individuals to

6    defend against such litigation should it arise, and to reward attorneys for representing claimants against such

7    litigation while simultaneously benefitting the claimant").  Courts have required attorneys to reimburse the

8    claimant for the total amount of EAJA fees awarded for their services rendered during a prior action for

9    judicial review on the same claim even though past-due benefits were not awarded until after a second

10   action for judicial review.  See Kopulos, 318 F.Supp. at 668-669; Roark v. Barnhart, 221 F.Supp.2d 1020,

11   1026 (W. D. Mo. 2002).

12   The court concurs with the reasoning in Garcia and Kopulos.  The remand in Buchanan I ultimately

13   led to the award of past-due benefits in this case.  This case would not have been necessary if the ALJ had

14   fully complied with the remand order in Buchanan I.  Therefore, petitioner is entitled to attorneys' fees

15   under section 406(b) for services rendered during both Buchanan I and this case, and petitioner is obligated

16   to reimburse all EAJA fees awarded to him, assuming that the section 406(b) fee award exceeds the total

17   EAJA fee award.[2]

18   Based on the reasoning above, petitioner's de facto hourly rate for the 43.6 hours of attorney time

19   expended in Buchanan I and this case is at most $527.50 (excluding the paralegal hours, the inclusion of

20   which would result in a somewhat lower de facto hourly rate for petitioner).  Following Gisbrecht, district

21   courts "generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting

22   that the resulting de facto hourly rates may exceed those for non contingency-fee arrangements." Hearn, 262

23   F. Supp. 2d at 1037-38 (collecting post-Gisbrecht section 406(b)cases awarding de facto hourly rates

24

25   [2]    Defendant's citation to Hearn is inapposite. [See Defendant's Response 5]. In Hearn, the court

26   awarded the amount of section 406(b) fees requested by the plaintiff's attorney and ordered the attorney
     to refund the lesser EAJA fee award.  There was only one action for judicial review in Hearn, and that

27   led to an award of past-due benefits on remand. The plaintiff's counsel was awarded fees under section
     406(b) and the EAJA for work in that district court case only.  See Hearn, 262 F.Supp.2d at 1025.

28

1  ranging from a low of about $188 to a high of about $695, and approving a contingent fee that amounted

2  to a de facto hourly rate of about $450); see also Mudd v. Barnhart, 418 F.3d 424, 428-429 (4th Cir.

3  2005)(affirming a § 406(b) fee award of 25% of the claimant's past-due benefits that produced a de facto

4  hourly rate of about $737).  As one district court explained, "any reliance on a non-contingent rate without

5  taking into account the contingent nature of this 42 U.S.C. § 406(b) fee could undercompensate [the

6  plaintiff's counsel]." Hearn, 262 F.Supp.2d at 1037.  Bearing these  principles in mind, the effective hourly

7  rate in this case is not so high as to represent an impermissible "windfall" to petitioner.

8        Considering all of the Gisbrecht factors, enforcement of the fee agreement between petitioner and

9  plaintiff is reasonable.

10                                  **Conclusion**

11        For the reasons described above, petitioner is awarded attorney's fees under 42 U.S.C. § 406(b) in

12  the sum of **twenty three thousand dollars ($23,000).**  Petitioner is directed to (1) mail a copy of this order

13  to plaintiff, and (2) refund to plaintiff the total amount of any EAJA fees previously awarded to petitioner

14  within fifteen days of petitioner's receipt of his section 406(b) attorney fees.

15  **IT IS SO ORDERED.**

16

17  DATED:  January 15, 2009

18

19

20        _____

21        ANDREW J. WISTRICH
          UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28